IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERIC C. RAJALA, as Bankruptcy Trustee for ETHANEX ENERGY, INC.,** ) ) ) **Plaintiff,** ) ) v. ) **McGUIRE WOODS, LLP,** ) ) **Defendant.** ) ) | No. 08-2638-CM |

## MEMORANDUM AND ORDER

Plaintiff Eric C. Rajala, as bankruptcy trustee for Ethanex Energy, Inc., originally filed this action against defendants Louis W. Zehil, McGuire Woods LLP, Strong Branch Ventures IV, LLP, and Chestnut Capital Partners II, LLC. By way of an amended complaint, the only defendant remaining in the action is McGuire Woods. McGuire Woods filed Defendant's Motion to Transfer, Stay or Dismiss The Action, (Doc. 8), asking this court to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York; or, in the alternative, to stay the action pending resolution of related civil and criminal actions pending in the Southern District of New York; and/or, finally, to dismiss this case for failure to state a claim upon which relief can be granted. For the reasons that follow, the court denies defendant's motion.

### I.  Factual and Procedural Background

According to plaintiff's amended complaint, Ethanex retained McGuire Woods to represent Ethanex in the process of becoming a public company and raising capital for the development of ethanol manufacturing plants. Louis Zehil used his position as a partner of the McGuire Woods law firm, and as one of the McGuire Woods attorneys representing Ethanex, to perpetrate a fraudulent

scheme in which Zehil created two entities, Strong Branch Ventures and Chestnut Capital Partners, which came to unlawfully possess unrestricted securities of plaintiff and then unlawfully sold these securities at great profit and at great harm to plaintiff. In asserting claims against McGuire Woods, plaintiff specifically points to an opinion letter dated August 31, 2006, executed by Zehil on behalf of McGuire Woods, directing the fraudulent transfer of Ethanex stock to Zehil's companies. Plaintiff also alleges that McGuire Woods did not include any disclosure of Zehil's ownership or sales of Ethanex stock in the disclosures it drafted for Ethanex or was obligated to file for Ethanex with the Securities and Exchange Commission ("SEC"). Plaintiff alleges that this conduct violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78J(b)] and Rule 10 B-5 [17 C.F.R. § 240.10 B-5] (Count I); the Kansas Uniform Securities Act [Kan. Stat. Ann. § 17-12a501] (Count II); and Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b) (Count III). Plaintiff also asserts common law claims of fraud (Count IV), tortious interference with business expectancies (Count V), legal malpractice (Count VI), negligent supervision (Count VII), and breach of fiduciary duties (Count VIII).

Presently, Zehil is facing criminal charges in the United States District Court for the Southern District of New York for alleged violations of securities laws arising out of defendant's dealings with plaintiff, and a receiver has been appointed for Strong Branch Ventures and Chestnut Capital Partners. Additionally, the SEC filed civil proceedings against Zehil in the Southern District of New York, which arose from the same facts and circumstances as plaintiff's dealings with Zehil and McGuire Woods, and which have been stayed pending resolution of the criminal case. Ethanex has filed a claim with the receivership in the New York case. Plaintiff is currently in bankruptcy proceedings in the District of Kansas.

## II.     Discussion

### A.     Motion to Transfer

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The intent of § 1404(a) is to "place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Id*. at 1515 (citing *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978)).

> When determining whether to transfer a case, the court must consider the following factors:
>
> Plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.
>
> *Chrysler Credit Corp.*, 928 F.2d at 1516 (citing *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d

145, 147 (10th Cir. 1967)).

The court bears in mind that transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other.  *KCJ Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).  Unless these factors weigh strongly in the defendant's favor, a plaintiff's choice of forum should rarely be disturbed.  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.

1992).

Defendant argues that factors including convenience to parties and witnesses, incremental costs of litigation, and the need to avoid duplicative discovery and litigation weigh in favor of a transfer to the Southern District of New York. Specifically, defendant states that a number of key witnesses and documents are in New York, and because criminal and civil proceedings related to plaintiff's complaint are already underway in New York, it would be "unnecessarily burdensome" to require litigation in Kansas.

On the record before the court, defendant has failed to meet its burden of establishing that the District of Kansas is an inconvenient forum. Defendant is a multinational law firm, with its headquarters in Richmond, Virginia. Plaintiff is a Kansas corporation. Although evidence and witnesses are present in New York, plaintiff has established that evidence and witnesses also exist in Kansas and multiple other locations throughout the United States, so some travel will be required regardless of which court presides over the action. This court agrees with plaintiff that, other than the ongoing litigation between the United States and Zehil in New York, there is nothing to recommend New York as a forum. And this action, commenced against defendant in Kansas, cannot be litigated as part of the proceedings in New York.

Defendant's argument that witnesses from these locations "will already be required to appear in New York to provide identical testimony" is unpersuasive if plaintiff cannot be joined to the civil litigation; non-New York residents will not be saved additional travel if they must make multiple trips to New York for multiple proceedings.

Additionally, defendant's assertion that plaintiff "has already chosen to bring similar claims in the Southern District of New York," (Doc. 8, at 5), is not substantiated by the record. The civil litigation against Zehil in New York was commenced by the SEC, not plaintiff or Ethanex, and

neither plaintiff nor Ethanex are involved as a party in the New York criminal proceedings against Zehil.  Furthermore, McGuire Woods is the sole defendant in the present action, and McGuire Woods is not a party in either the civil or criminal proceedings in New York.  Ethanex's filing of a claim with the receivership does not bar it from filing this separate suit in an appropriate forum.

Other factors, including enforceability of a judgment from the District of Kansas, obstacles to a fair and efficient trial, congestion of dockets, and questions regarding conflict of law are not present in the case, and therefore are neutral.  Because this court gives deference to plaintiff's choice of forum, *Scheidt*, 956 F.2d at 965, issues of inconvenience and fairness must weigh strongly for defendant in order for defendant to succeed in a motion to transfer.  Here, defendant has failed to meet that burden.  Defendant's motion to transfer is therefore denied.

**B.     Motion to Stay**

As part of the inherent power to control its docket, this court has the power to stay proceedings pending before it.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *Barton Solvents, Inc. v. Sw. Petro-Chem, Inc.*, 836 F. Supp. 757, 763 (D. Kan. 1993).  The power will be used within the discretion of the court to provide economy of time and effort for itself, and for counsel and litigants appearing before the court. *Landis*, 299 U.S. at 254; *Barton Solvents*, 836 F. Supp. at 763.

It is not necessary that the parties be the same or the issues identical.  *Landis*, 299 U.S. at 254; *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).  However, the party seeking the stay must make out a clear case of hardship or inequity in being required to go forward, because this court is not inclined to require a litigant in one case "to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 254-55.

Here, defendant suggests that the proceedings in Kansas "plainly relate" to the claims in New York, and thus this court should, as a matter of comity, allow for a resolution of the actions in New York before proceeding with the case in Kansas. (Doc. 8, at 5.) Plaintiff, on the other hand, notes that the parties in the proceedings in New York are different from the parties involved with the present case, and that the equities lie in favor of allowing this litigation to proceed. Plaintiff asserts that "there is no good reason to delay justice between Ethanex and McGuire Woods," and argues that a stay in the litigation would prejudice it as well as others by delaying its current bankruptcy proceedings. (Doc. 12, at 8.)

Although the proceedings in New York and Kansas arise from the same pattern of facts, they involve different parties. There are different interests at stake, and the claims are different. Comity does not require this court to deny plaintiff the right to proceed in a separate suit against another party merely because it arises from the same general pattern of facts as another suit. Moreover, this court is hard-pressed to see how resolution of either the criminal or civil cases in New York will impact the lawsuit here, against the law firm. In this action, plaintiff bears the burden of establishing the law firm's liability as to each of its claims. Whether or not plaintiff accomplishes that does not hinge on the resolution of either the criminal or civil proceedings against Zehil.

The court concludes that defendant has not made out a clear case of hardship or inequity in being required to defend this case without the benefit of a resolution in the New York proceedings against Zehil. The court is sensitive to the fact that Zehil's liability – which is at issue in the New York proceedings – underlies plaintiff's vicarious liability claims against defendant McGuire Woods. However, plaintiff's claims attribute liability to McGuire Woods for its own alleged acts or omissions, and it appears at this time that these claims can be resolved without danger of inconsistent judgments or wasted resources.

Finally, an August 18, 2008 order issued by District Judge Loretta Preska in the criminal case "stay[ed] 'any litigation relating to claims made by any claimant against the Receivership' in this action." (Doc. 9-10.) Defendant insists that the instant lawsuit is in contravention of this order, and that this court must enforce that order and stay this litigation. However, the instant litigation is not made against the Receivership, and defendant's argument is unconvincing.

Therefore, the court declines to stay the proceedings currently before it in favor of the Southern District of New York cases. If, as a matter of convenience and efficiency, the parties wish to stay proceedings for purposes of discovery, or if, at some time in the future it appears that proceeding with this litigation would severely disadvantage defendant, the court may take up the issue again upon motion.

### C. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).

Defendant seeks a 12(b)(6) dismissal arguing (1) it cannot be held liable for Zehil's actions because they were conducted outside the scope of his employment and without its authority; and (2) it did not cause plaintiff's injuries.

-7-

To the extent plaintiff's claims rest on theories of vicarious liability, it is well established that a "principal may be vicariously liable for an agent's tortious conduct if the principal expressly or implicitly authorized the conduct." *Cole v. Am. Family Mutual Ins. Co.*, 333 F. Supp. 2d 1038 (D. Kan. 2004).

Plaintiff alleges that an essential instrument of the fraud was an opinion letter that McGuire Woods authorized Zehil to execute on behalf of McGuire Woods. And according to plaintiff, McGuire Woods concealed the fraud in preparing a materially incorrect SEC Form SB-2 registration statement which did not reveal the unlawful issuance of unregistered securities as a result of the McGuire Woods opinion letter. Plaintiff asserts that, in performing legal services for Ethanex, Zehil was assisted by several McGuire Woods attorneys, and as to the alleged conduct, Zehil was acting in his capacity as a partner of McGuire Woods. According to plaintiff, at all times, McGuire Woods had the ability, right, obligation and duty to control and monitor Zehil's actions as an attorney and partner in McGuire Woods; and that McGuire Woods had, and has, either actual or constructive knowledge of all matters known to Zehil.

In pleading damages, plaintiff alleges that McGuire Woods billed Ethanex for the time Zehil devoted to his duties as outside general counsel and as corporate secretary to Ethanex; and, in all, Ethanex paid McGuire Woods more than $350,000 for legal services and expenses. Further, plaintiff alleges that as a result of McGuire Woods's conduct and the resulting delay with the SEC, Ethanex lost certain market opportunities; was required to pay nearly $600,000 in liquidated damages to shareholders; and incurred fees and costs connected to retaining new counsel to investigate and remedy the injury caused by McGuire Woods's conduct. Finally, plaintiff alleges that McGuire Woods's conduct caused or contributed to cause Ethanex's failure as a business.

Defendant's arguments focus on the merits of plaintiff's claims. However, this is not a

motion for summary judgment.  Nor will this court convert it to one.  Neither will the court require plaintiff to prove it will prevail on its claims in order to survive the motion.  Assuming the truth of the facts alleged by plaintiff, as the court must, the court finds that plaintiff's complaint states a plausible claim for relief on its face and the motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer, Stay or Dismiss The Action, (Doc. 8), is denied.

Dated this 21st day of July 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**