**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ERIC C. RAJALA, as Bankruptcy Trustee for ETHANEX ENERGY, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 08-CV-2638-CM-DJW** |
| **MCGUIRE WOODS, LLP,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT MCGUIREWOODS'S**
**MOTION FOR ENTRY OF CLAWBACK PROVISION**

Pursuant to the United States District Court for the District of Kansas Local Rule 7.1, Defendant McGuireWoods LLP moves this Court to order entry of a clawback provision. In support of its Motion, McGuireWoods states:

1. This Court entered a Protective Order governing the use and treatment of Confidential Information on January 4, 2010, upon cross-motions of the Parties. Although the Court suggested during the October 2009 Scheduling Conference that a clawback provision should be included in a protective order, and although McGuireWoods so moved the Court to include a clawback provision, Plaintiff opposed such a provision's inclusion, arguing that the parties were "likely" to stipulate to a "commonplace" clawback agreement at a later time. No clawback provision was included in the Protective Order.

2. McGuireWoods has conferred in good faith with Plaintiff to attempt to obtain Plaintiff's stipulation to a clawback agreement, but Plaintiff has refused to enter into such an agreement.

3. High volumes of documents and information have been and are being reviewed and will be produced in this case, and risks of inadvertent disclosure of privileged or otherwise

protected documents are correspondingly high. Disputes concerning inadvertently disclosed documents, including the return of such documents to producing parties and the validity of privileges claimed, would unnecessarily disrupt the discovery process, at great cost to the parties and delay to the pending litigation.

4. McGuireWoods requests an order entering a clawback provision to govern the inadvertent disclosure of privileged documents in this case. A Proposed Order for Entry of Clawback Provision is being submitted on the date of this Motion's filing to the Court via e-mail, pursuant to the Court's ECF Manual, Rule E.2.

5. Federal Rule of Evidence 502(d) authorizes this Court to order that privileges and protections are "not waived by disclosure connected with the litigation pending before the court," and McGuireWoods believes and represents that good cause exists in this case for the Court to order entry of a clawback provision, as attached to the Memorandum in Support of this Motion as Exhibit 1.

WHEREFORE, McGuireWoods respectfully requests that the Court order entry of a clawback provision, and for any such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ R. Lawrence Ward

R. Lawrence Ward KS #17343
James M. Humphrey KS #70664
Cathy J. Dean KS #22367
Polsinelli Shughart PC
120 W. 12th Street, Suite 1700
Kansas City, MO 64105
Telephone: (816) 421-3355
Facsimile: (816) 374-0509
lward@polsinelli.com
jhumphrey@polsinelli.com
cdean@polsinelli.com

Phillip R. Garrison KS #78182
Polsinelli Shughart PC
901 St. Louis Street, Suite 1200
Springfield, MO 65806
Telephone: (417) 869-3353
Facsimile: (417) 869-9943
pgarrison@polsinelli.com

Of counsel:
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

Attorneys For Defendant McGuireWoods LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

John M. Edgar
David W. Edgar
John D. Stasny
Edgar Law Firm LLC
1032 Pennsylvania Avenue
Kansas City, MO 64105

Attorneys for Plaintiff

/s/ R. Lawrence Ward
Attorney for Defendant