# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ERIC C. RAJALA, as Bankruptcy Trustee )
for ETHANEX ENERGY, INC., )
                                                              )
               Plaintiff, )
                                                                )
v. )                           No. 08-2638-CM
                                                              )
McGUIRE WOODS, LLP, )
                                                             )
              Defendant. )
                                                              )

## MEMORANDUM AND ORDER

Plaintiff Eric C. Rajala, as bankruptcy trustee for Ethanex Energy, Inc., originally filed this action against defendants Louis W. Zehil, McGuire Woods LLP, Strong Branch Ventures IV, LLP, and Chestnut Capital Partners II, LLC. By way of an amended complaint, the only defendant remaining in the action is McGuire Woods. Before the court is plaintiff's timely-filed Motion for Leave to File Second Amended Complaint (Doc. 50), and Defendant's Motion for Partial Summary Judgment (Doc. 59). For the following reasons, the court grants both motions.

## I. Factual and Procedural Background

According to plaintiff's amended complaint, filed December 30, 2008, Ethanex retained McGuire Woods to represent Ethanex in the process of becoming a public company and raising capital for the development of ethanol manufacturing plants. Louis Zehil used his position as a partner of the McGuire Woods law firm, and as one of the McGuire Woods attorneys representing Ethanex, to perpetrate a fraudulent scheme in which Zehil created two entities, Strong Branch Ventures and Chestnut Capital Partners, which came to unlawfully possess unrestricted securities of plaintiff and then unlawfully sold these securities at great profit and at great harm to plaintiff.

In asserting claims against McGuire Woods, plaintiff specifically points to an opinion letter dated August 31, 2006, executed by Zehil on behalf of McGuire Woods, directing the fraudulent transfer of Ethanex stock to Zehil's companies. Plaintiff also alleges that McGuire Woods did not include any disclosure of Zehil's ownership or sales of Ethanex stock in the disclosures it drafted for Ethanex or was obligated to file for Ethanex with the Securities and Exchange Commission ("SEC"). Plaintiff alleges that this conduct violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78J(b)] and Rule 10 B-5 [17 C.F.R. § 240.10 B-5] (Count I); the Kansas Uniform Securities Act [Kan. Stat. Ann. § 17-12a501] (Count II); and Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p(b) (Count III). Plaintiff also asserts common-law claims of fraud (Count IV), tortious interference with business expectancies (Count V), legal malpractice (Count VI), negligent supervision (Count VII), and breach of fiduciary duties (Count VIII). Count III is the subject of defendant's motion for partial summary judgment. By way of response, plaintiff indicates that it does not oppose dismissal of Count III. Defendant's motion is therefore granted.

In an order dated July 21, 2009, this court denied defendant's motion to transfer this case to the United States District Court for the Southern District of New York; stay the action pending resolution of related civil and criminal actions pending in the Southern District of New York; and/or, to dismiss this case for failure to state a claim.[1] Plaintiff now seeks leave to file a second amended complaint. Proposed additions appear at paragraphs 37, 50 and 51. In paragraph 37, plaintiff

---

[1] Zehil recently pleaded guilty to criminal charges in the Southern District of New York for violations of securities laws arising out of dealings with plaintiff, and a receiver has been appointed for Strong Branch Ventures and Chestnut Capital Partners. *See United States v. Zehil*, No. 07-CR-659 (DAB) (S.D.N.Y. Mar. 15, 2010). The SEC's civil proceedings against Zehil, which were stayed pending resolution of the criminal case, are still ongoing. *See Securities and Exch. Comm. v. Zehil*, No. 07-CV-01439 (LAP) (S.D.N.Y. Aug. 18, 2008).

alleges:

> As legal counsel to Ethanex, McGuire Woods was responsible for monitoring and advising all aspects of the [sic] Ethanex's formation/creation, organization, structure and capitalization, including but not limited to the PIPE transaction and the conduct of the entities and individuals involved. This included, without limitation, Tompkins Capital Group; the law firm of Gottbetter & Partners LLP; Adam Gottbetter and Kenneth Goodwin (attorneys at Gottbetter & Partners); the accounting firm of Bagell, Josephs, Levine & Company, LLC; Island Stock Transfer; Strong Branch Ventures IV, LP; Chestnut Capital Partners II, LLC; and Louis Zehil.

(Doc. 50-1, at 11.)

Paragraph 50 sets out a nonexhaustive list of Ethanex's reasonable business expectancies. Paragraph 51 sets out a nonexhaustive list of the ways in which defendant's conduct allegedly damaged Ethanex. (Doc. 50-1, at 14–15.)

## II. Standard

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending pleadings. Where, as here, responsive pleadings have been served, a party may amend only by leave of court, and the court shall freely give such leave when justice so requires. Fed. R. Civ. P. 15(a). The decision is entrusted to this court's discretion. *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *4 (D. Kan. July 30, 3008) (citing *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing the amendment bears the burden of establishing that one of these justifications exist. *Miller v. Union Pacific R.R.*, No. 06-2399-JAR-DJW, 2008 WL 4271906, at *3 (D. Kan. Sept. 12, 2008).

## III. Discussion

Plaintiff asserts that the revisions "enhance the clarity of plaintiff's allegations and [do] not

-3-

contain any substantive changes to the facts alleged or the causes of action." (Doc. 51, at 1.)

Defendant opposes the amendments as unduly prejudicial, inexcusably delayed, or redundant. Defendant asserts that proposed paragraph 37 is "severely prejudicial" because (1) it seeks to make defendant liable for the conduct of third parties not named as defendants; (2) "prejudices [defendant's] right to pursue comparative fault findings against those third parties," (Doc. 54, at 2); and (3) alters the discovery needs of and demands on defendant by forcing defendant to focus on demonstrating these parties' independent legal duties. Additionally, defendant argues that there is no factual basis for the paragraph and it merely states a legal conclusion.

Finally, defendant asserts that paragraphs 50 and 51 are unnecessary and duplicative because the first amended petition already includes allegations of damages and alleged expectancies; and/or plaintiff offers no reason for its delay in including these specific allegations.

### A. Paragraph 37

The Supreme Court has observed that "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316 (1960). Thus, the Tenth Circuit has held that "[the] most important factor in deciding a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (2006). Courts in this circuit "typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id*. This occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. The party opposing the amendment has the burden of showing prejudice. *Miller*, 2008 WL 4271906, at *3.

Plaintiff is correct that paragraph 37 does not add new claims or amend existing claims. It

alleges that defendant was responsible for monitoring the PIPE transaction and the conduct of the entities and individuals involved. The allegation appears to relate to plaintiff's unchanged claims of malpractice and negligent supervision.

Among the individuals and entities defendant is allegedly responsible for are Zehil—who already appears in similar unchanged allegations at paragraphs 9 and 39—and his entities, Strong Branch Ventures and Chestnut Capital Partners. Although paragraph 37 purports to list a number of previously unintroduced individuals, the substantive claims remain unchanged. It does not appear to the court that the addition of this allegation would require substantial additional evidence and/or a change in tactics or theories of defense.[2] Rather, based on the allegations in the prior complaint and the claims against defendant, questions concerning the standard of care and the extent of defendant's professional duties are already at play in this case; as are questions concerning the legal extent of defendant's vicarious liability.[3]

Finally, although it appears that the statements in paragraph 37 are largely conclusory, the court will not disallow the allegation for this reason. The question before the court is whether the proposed amendment unduly prejudices defendant. Defendant fails to establish that it does. Therefore, the court grants leave to amend.

### B. Paragraphs 50 and 51

Defendant offers no legally recognizable basis for denying amendment as to the addition of these two paragraphs. The court finds that they should not be excluded as untimely, or for any other reason, because they serve only to clarify and do not prejudice defendant.

---

[2] Even if the addition of this allegation results in additional discovery, there are mechanisms available to the parties—and the court—to address and manage such issues.

[3] The court notes that the dispositive motion deadline in this case is not until October 1, 2010. (Doc. 31.)

Because the court grants plaintiff's motion to amend and defendant's unopposed motion for partial summary judgment on Count III, plaintiff is directed to file a Second Amended Complaint that contains the proposed amendments and omits the dismissed count.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 50) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 59) is granted as unopposed, and Count III of Plaintiff's Amended Complaint is dismissed.

Dated this 14th day of May 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**