DJW/1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ERIC C. RAJALA, as Bankruptcy Trustee for Ethanex Energy, Inc.,**

          Civil Action

    Plaintiff,          No. 08-2638-CM-DJW

v.

**McGUIRE WOODS, LLP,**

    Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant McGuire Woods, LLP's Motion for Entry of Clawback Provision (doc. 76). McGuire Woods, LLP ("McGuire Woods") moves for an order entering a clawback provision to govern the inadvertent disclosure of "privileged or otherwise protected" documents and information in this case.[1] For the reasons set forth below, the Court grants the motion in part.

**I.     Nature of the Case**

Plaintiff Eric C. Rajala, as bankruptcy trustee for Ethanex Energy, Inc. ("Ethanex"), brings this suit against the law firm of McGuire Woods to recover for violations of the Securities Exchange Act of 1934 and the Kansas Uniform Securities Act. Plaintiff also asserts common law claims of fraud, tortious interference with business expectancies, legal malpractice, negligent supervision, and breach of fiduciary duties.

---

[1]McGuire Woods' Mot. for Entry of Clawback Provision (doc. 76) at 1-2.

According to the Amended Complaint, Ethanex retained McGuire Woods to represent Ethanex in the process of becoming a public company and raising capital for the development of ethanol manufacturing plants. Plaintiff alleges that an attorney with McGuire Woods, Louis Zehil, used his position as a partner with McGuire Woods and as an attorney representing Ethanex to perpetrate a fraudulent scheme involving the sale of unrestricted securities of Ethanex.

## II.   Background Information

As is the standard procedure in this District, the Scheduling Order in this case (doc. 31) set a deadline for the parties to confer and submit a joint proposed protective order to govern the confidentiality of documents, or to file their respective motions for protective order if they were unable to agree concerning the need for, or scope of, a joint protective order.[2]

The parties were unable to reach agreement as to the terms of a joint protective order, and they filed cross motions for protective order pursuant to Federal Rule of Civil Procedure 26(c). Each party submitted its own version of a proposed protective order.[3] McGuire Woods' version contained a "clawback" provision "to expedite and facilitate the production of electronic data and to protect against inadvertent disclosure" of information protected by the attorney-client privilege or work product doctrine.[4] Plaintiff's version did not contain a clawback provision, and Plaintiff opposed the inclusion of one. Plaintiff did not address the merits of McGuire Woods' proposed clawback provision, but argued that the parties' proposed protective orders were intended "to govern

---

[2]Scheduling Order (doc. 31), ¶ 2.k at 7-8.

[3]*See* McGuire Woods' Mot. for Protective Order (doc. 32); Pl.'s Cross Mot. for Protective Order (doc. 34).

[4]Proposed Protective Order, ¶ 7(c), attached as Ex. A to McGuire Woods' Mot. for Protective Order (doc. 32).

2

confidentiality as discussed in the parties' scheduling conference with the Court," rather than deal with privilege issues.[5] Plaintiff further stated:

> The parties are free to enter stipulations at other times over other discovery issues, including deadlines, non-party requests, scope of discovery, waiver of privileges and clawbacks, as is commonplace and likely in this case. There is no need to force the issue here, in an agreement wholly devoted to confidentiality protections, because of Defendant's desire to modify the rules relating to clawback of privileged materials.[6]

In ruling on the cross motions for protective order, the Court found that "good cause exist[ed] for the entry of a protective order to protect the confidentiality of certain information exchanged during the course of this lawsuit."[7] The Court, however, declined to include McGuire Wood's proposed clawback provision in the Protective Order ultimately entered. The Court stated:

> As the parties have been unable to agree as to all of the terms and the scope of an appropriate protective order and have each submitted a proposed version of a protective order, the Court is left to fashion a protective order that will appropriately safeguard any potential for harm associated with disclosure of the information at issue and which complies with the Court's guidelines for agreed protective orders.[8]

The Court did not address the merits of McGuire Woods' proposed clawback provision because it assumed, based on the above-quoted statement of Plaintiff, that the parties would confer and agree to an appropriate clawback provision addressing the inadvertent disclosure of privileged documents.

---

[5] Mem. in Support of Pl.'s Cross Mot. for Protective Order (doc. 35) at 4.

[6] *Id.*

[7] January 4, 2010 Order Entering Protective Order (doc. 40) at 1.

[8] *Id.*

### III.     Summary of the Parties' Arguments

McGuire Woods contends that its proposed clawback provision is necessary and will benefit both parties because it will prevent contentious, costly, and time consuming discovery disputes. McGuire Woods relies on Federal Rule of Evidence 502(d), which provides that a court may order that a privilege or protection "is not waived by disclosure connected with the litigation pending before the Court."[9] It also references the Advisory Committee's Note to Rule 502(d), which states that the Rule "contemplates enforcement of 'claw-back' and 'quick peek' arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product."[10]

According to McGuire Woods, discovery in this case will include production of a large volume of both electronically stored information ("ESI") and hard copy documents, including documents that it has produced to the Securities Exchange Commission, the bankruptcy receiver, and the Department of Justice. McGuire Woods provides a declaration which states that, to date, it has reviewed more than 13,750 documents consisting of approximately 108,000 pages and that it plans to review and possibly produce many more documents,[11] including personnel files, marketing materials, thousands of documents sourced to McGuireWoods's Worksite Management system, and e-mail files for certain McGuireWoods personnel.[12] McGuire Woods estimates that, at

---

[9]Mem. in Support of McGuire Woods' Mot. for Entry of Clawback Provision (doc. 77) at 2 (citing Fed. R. Evid. 502(d)).

[10]*Id*. (citing Fed. R. Evid. 502(d) advisory committee's note).

[11]McCray Decl. ¶ 4, attached as Ex. A to Mem. in Support of McGuire Woods' Mot. for Entry of Clawback Provision (doc. 77).

[12]*Id*. ¶¶ 5-6; Mem. in Support of McGuire Woods' Mot. for Entry of Clawback Provision (doc. 77) at 4.

4

a minimum, it will review between 15,000 and 18,400 e-mails messages, comprised of an unknown number of pages.[13]

McGuire Woods further asserts that it is a large law firm that represents thousands of clients to whom it owes a duty to protect attorney-client privileged communications. While McGuire Woods maintains that it has taken, and will continue to take, necessary and reasonable precautions to prevent the inadvertent disclosure of privileged and other protected materials, "the sheer volume of documents ultimately requiring review in this case, coupled with McGuireWoods's duties to its clients firm-wide, warrant the additional precaution of a clawback provision."[14]

Plaintiff opposes the entry of McGuire Woods' proposed clawback provision, arguing that the Court already considered and rejected such a clawback provision when it ruled on the parties' cross motions for protective order and entered a protective order that did not contain such a provision. Plaintiff asserts that McGuire Woods' motion "is nothing more than a motion for reconsideration"[15] and that McGuire Woods has "failed to advance any new facts or circumstances to justify burdening the Court, and the Plaintiff, with its recycled arguments."[16] Plaintiff also argues that it never promised in its cross motion for protective order that it would agree to a clawback provision at some point in the future.

---

[13]Mem. in Support of McGuire Woods' Mot. for Entry of Clawback Provision (doc. 77) at 4.

[14]*Id*. at 5.

[15]Pl.'s Resp. to Def.'s Mot. for Entry of Clawback Provision (doc. 86) at 1.

[16]*Id*. at 2.

Finally, Plaintiff argues that there is no justification for a clawback provision in this case. It contends that under the proposed provision, "Plaintiff would essentially be made to perform McGuire Woods' privilege review and proceed with depositions and motion practice with the ever-present concern that any document could suddenly be taken back by McGuire Woods."[17] Plaintiff contends that any waiver issues may be ruled upon if and when any claimed inadvertent production should take place. Furthermore, Plaintiff argues that newly amended Federal Rule of Evidence 502(b) now sets forth a uniform standard to determine whether an asserted inadvertent disclosure results in a privilege waiver, including whether the privilege holder took reasonable steps to prevent disclosure of the privilege material. Plaintiff contends that "in the event of a claimed inadvertent production, Plaintiff would be essentially deprived of arguing the facts showing that care was not taken by the producing party when the document at issue was produced."[18]

## IV.   Discussion

### A.   Applicable Law

#### 1.   *Clawback provisions and Federal Rule of Evidence 502*

So-called "clawback" provisions "essentially 'undo' a document production" and allow the return of documents that a party belatedly determines are protected by the attorney-client privilege or work product immunity.[19] As the court noted in *Zubulake v. UBS Warburg LLC*,[20] "many parties to document-intensive litigation enter into . . . 'claw-back' agreements that allow the parties to

---

[17]*Id.* at 3.

[18]*Id.* at 4.

[19]*U.S. v. Sensient Colors, Inc.*, No. 07-1275 (JHR/JS), 2009 WL 2905474, at *2 n.6 (D.N.J. Sept. 9, 2009).

[20]216 F.R.D. 280 (S.D.N.Y. 2003).

6

forego privilege review altogether in favor of an agreement to return inadvertently produced privileged documents."[21] Thus, a clawback arrangement involves the return of attorney-client privileged documents or protected work product without waiver, and, typically, the materials are returned irrespective of the care taken by the disclosing party.[22]

Clawback arrangements are specifically discussed in the 2006 Advisory Committee Note to Federal Rule of Civil Procedure 26(f) as a way to reduce discovery costs and minimize the risk of privilege waiver. The Advisory Committee Note observes: "On [some] occasions, parties enter into agreements—sometimes called 'clawback agreements'—that production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced, and that the documents should be returned under these circumstances . . . . In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege . . . ."[23]

Clawback arrangements are also the subject of Federal Rule of Evidence 502, which was enacted in 2008.[24] The new Rule was enacted in part to address the conflict among courts regarding the effect of inadvertent disclosures of information protected by the attorney-client privilege or work product immunity.[25] The Rule also validates certain clawback provisions or agreements.[26]

---

[21]*Id.* at 290.

[22]*Sensient Colors*, 2009 WL 2905474, at *2 n.6 (citing *Zubulake*, 216 F.R.D. at 290).

[23]Fed. R. Civ. P. 26(f) advisory committee's note (2006).

[24]*See* Pub. Law 110-322, 122 Stat. 3537, § 1(c) (Sept. 19, 2008) ("The amendments made by this Act shall apply in all proceedings commenced after the date of enactment of this Act [Sept. 19, 2008] and, insofar as is just and practicable, in all proceedings pending on such date of enactment [Sept. 19, 2008]." The amendments therefore apply to this case.

[25]*See* Fed. R. Evid. 502 (advisory committee's explanatory note, rev. 11/28/2007) (one
(continued...)

7

Subsection (b) of Rule 502 provides that an inadvertent disclosure of privileged or protected information, when made in a federal proceeding or to a federal office or agency, does not operate as a waiver in a federal or state proceeding if the holder of the privilege or protection took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error.[27] Subsections (d) and (e), on the other hand, pertain to orders and agreements regarding the effects of disclosures.

Subsection (d), which is entitled "Controlling effect of a court order," provides that "[a] Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other Federal or State proceeding."[28] Subsection (e), which is entitled "Controlling effect of a party agreement," provides that "[a]n agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."[29]

The Advisory Committee Explanatory Note to Rule 502 makes it clear that subsections (d) and (e) allow for the enforcement of clawback provisions and agreements. The Advisory Committee explains that under subsection (d), "the court order may provide for return of documents without

---

[25](...continued)
"major purpose" of the new rule is to "resolve[] some longstanding disputes in the courts about the effect of certain disclosures of communications or information protected by the attorney-client privilege or as work product—specifically those disputes involving inadvertent disclosure and subject matter waiver.").

[26]*In re Subpoenas Served Upon Law Firm of Snow,* No. 2:08 mc 675 DB, 2008 WL 5191420, at *2 n.21 (D. Utah, Dec. 10, 2008).

[27]Fed. R. Evid. 502(b).

[28]Fed. R. Evid. 502(d).

[29]Fed. R. Evid. 502(e).

8

waiver irrespective of the care taken by the disclosing party; the rule contemplates enforcement of 'claw-back' and 'quick peek' arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product."[30]  The Advisory Committee also explains that subsection (e) "codifies the well-established proposition that parties can enter an agreement to limit the effect of waiver by disclosure between or among them."[31]  The Committee further notes that such an agreement can bind only the parties to the agreement; if the parties desire protection against non-parties from a finding of waiver by disclosure, the agreement must be made part of a court order.[32]

Significantly, the Advisory Committee also explains that entry of an order containing a clawback provision is not dependant on the agreement of the parties. The Committee states with respect to subsection (d) of Rule 502: "Under the rule, a confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation.  Party agreement should not be a condition of enforceability of a federal court's order."[33]  Furthermore, the Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence ("Statement of Congressional Intent") explains that subsection (d) "is designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege

---

[30]Fed. R. Evid. 502 advisory committee's explanatory note (rev. 11/28/2007) (citing *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 290 (S.D.N.Y. 2003)).

[31]*Id.*

[32]*Id.*

[33]*Id.*

9

reviews, while still preserving each party's right assert the privilege."[34] In other words, a court may fashion an order, upon a party's motion or its own motion, to limit the effect of waiver when a party inadvertently discloses attorney-client privileged information or work product materials.

> 2.  *The authority under which the Court may enter an order containing a clawback provision*

As a threshold matter, the Court must determine whether it has the authority to enter a clawback provision where not all parties agree to one.[35]   The Court holds that it does have such authority and that its authority arises under Federal Rule of Civil Procedure 26(c)(1) to fashion a protective order.  Under the express terms of Rule 26(c)(1), the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[36]  The Court may, *inter alia*, enter an order under subsection (B) "specifying terms, including time and place, for the disclosure or discovery."[37]

The Supreme Court has held that a court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[38]  Furthermore, the Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and

---

[34]*Statement of Congressional Intent Regarding Fed. R. Evid. 502, Addendum to Advisory Committee Notes*.

[35]While Rule 26(f)(3)(D) addresses the inclusion of clawback provisions in scheduling orders, the Rule contemplates that the parties have *agreed* to such a provision.  Rule 26(f)(3)(D) provides that the parties' discovery plan "must state the parties' views and proposals on . . . any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order."

[36]Fed. R. Civ. P. 26(c)(1).

[37]Fed. R. Civ. P. 26(c)(1)(B).

[38]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

10

interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[39]

The Court holds that the entry of an order containing a clawback provision falls within the purview of Rule 26(c)(1). Such an order, under the appropriate circumstances, could protect a party or parties from the undue burden and expense of reviewing vast numbers of documents for privilege before they are produced. In addition, such an order would fall squarely within subsection (B) of Rule 26(c)(1) because it specifies the terms under which documents will be produced.

**B.  Analysis**

  *1.  Should McGuire Woods' motion be treated as an untimely motion for reconsideration?*

The Court rejects Plaintiff's argument that the Court should refuse to revisit McGuire Woods' request for a clawback provision on the basis that it is an untimely motion for reconsideration. While the Court declined to include McGuire Woods' proposed clawback provision in the parties' Protective Order, it did not do so based on the merits of the issue. The Court's focus at that time was on fashioning an order under Federal Rule of Civil Procedure 26(c) that would protect the confidentiality of information and documents and which contained terms that were, generally speaking, mutually agreeable to the parties.

Given Plaintiff's failure to agree to McGuire Woods' proposed clawback provision and its suggestion that the parties would continue to work on "other agreements" relating to privilege issues—such as a clawback provision—the Court declined to consider McGuire Woods' proposed clawback provision for inclusion in the Protective Order. Now that the parties have further conferred regarding a clawback provision and have been unable to reach agreement as to one, the

---

[39]*Id.*

11

Court is prepared to consider the merits of the parties' arguments and determine whether such a provision should be entered by the Court.

       2.  *Should the Court enter an order containing a clawback provision?*

  The Court must now decide whether McGuire Woods, as the party moving for an order containing a clawback provision, has shown good cause for such an order under the particular facts of this case. As discussed above, the Court's authority to enter an order containing a clawback provision arises under its authority to fashion a Federal Rule of Civil Procedure 26(c) protective order. As the party moving for entry of the clawback provision, McGuire Woods has the burden to show that good cause exists for the entry of such an order.[40] To establish good cause, McGuire Woods must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" that it is entitled to a protective order.[41]

  The Court holds that McGuire Woods has met its burden to show good cause for an entry of an order containing a clawback provision. Discovery in this case will include production of an extensive amount of ESI, including a large number of e-mail messages. Furthermore, because McGuire Woods is a large law firm with thousands of clients, there is the potential for its production of ESI and documents to inadvertently disclose other clients' attorney-client privileged and work product materials. Thus, the risk of inadvertent disclosure of privileged or work product documents appears high. Furthermore, it is likely that disputes regarding the inadvertent disclosure of privileged and protected documents would disrupt the discovery process and cause the attorneys in this case to expend significant resources and time arguing about what steps were taken to prevent

---

[40] It is well settled that the party moving for a protective order has the burden to demonstrate good cause for such an order. *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003); *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[41] *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

disclosure and to rectify the error and about the scope of the waiver. Numerous discovery motions have already been filed in this case; the Court sees no reason to invite more.

Indeed, the Court finds that this case is precisely the type of case that would benefit from a clawback provision. Such a provision will permit the parties to conduct and respond to discovery in an expeditious manner, without the need for time-consuming and costly pre-production privilege reviews, and at the same time preserve the parties' rights to assert the attorney-client privilege or work product immunity. The Advisory Committee Note indicates that Federal Rule of Evidence 502 "responds to the widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product have become prohibitive due to the concern that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information."[42] The Advisory Committee observed that "[t]his concern is especially troubling in cases involving electronic discovery."[43]

The Court agrees with the Advisory Committee that pre-amendment law regarding the waiver of privileges and work product materials is responsible for some of the rising costs of discovery, especially discovery of ESI. The Advisory Committee Note explains the problem as follows:

> In complex litigation the lawyers spend significant amounts of time and effort to preserve the privilege and work product. The reason is that if a protected document is produced, there is a risk that a court will find a subject matter waiver that will apply not only to the instant case and document but to other cases and documents as well. Moreover, an enormous amount of expense is put into document production in order to protect against inadvertent disclosure of privileged information, because

---

[42]Fed. R. Evid. 502 advisory committee's explanatory note (rev. 11/28/2007).

[43]*Id.*

13

the producing party risks a ruling that even a mistaken disclosure can result in a subject matter waiver.[44]

The Court further agrees with the Advisory Committee that "if there [is] a way to produce documents in discovery without risking subject matter waiver, the discovery process could be made much less expensive."[45]  The Court believes that a clawback provision is one way to make discovery less expensive and less burdensome for not just McGuire Woods but for both parties in this case.

The Court is not persuaded by any of the reasons Plaintiff advances for not entering a clawback provision in this case.  To deny entry of such a clawback provision merely because Plaintiff would be deprived of the opportunity to demonstrate that the producing party had not taken reasonable care to prevent disclosure would defeat the purpose behind Rule 502(d) and (e).  The goal is not to encourage disputes regarding waiver and inadvertent production, but to prevent such disputes from arising in the first place.  Furthermore, the clawback provision proposed by McGuire Woods, by its express terms, governs the "inadvertent" disclosure and production of attorney-client privileged and work product materials.  If Plaintiff should find evidence that McGuire Woods is abusing the clawback provision by engaging in a "document dump" and making no effort whatsoever to review for privilege or protected documents, Plaintiff would not be foreclosed from seeking appropriate relief from the Court.

In sum, the Court holds that entering an order with a clawback provision to govern the inadvertent disclosure of attorney-client privileged information and work product materials would serve the purposes behind Federal Rule of Evidence 502.  It is also consistent with the Court's duty under Federal Rule of Civil Procedure 1 to "secure the just, speedy and inexpensive determination

---

[44]*Id.*

[45]*Id.*

14

of every action."[46] In addition, the court finds that such a provision would protect McGuire Woods from the oppression and undue burden of an exhaustive pre-production privilege review. Accordingly, the Court concludes that McGuire Woods has shown good cause for the entry of an order containing a clawback provision that will be governed by Federal Rule of Evidence 502(d).

The Court will now turn to the specific terms of the clawback provision submitted by McGuire Woods and determine whether any modifications may be needed before it is entered.

> 3. *Should the Court adopt all terms of the clawback provision submitted by McGuire Woods?*

Although Plaintiff opposes the entry of a clawback provision in general, it does not object to any of the specific terms of the provision submitted by McGuire Woods. The Court will nevertheless satisfy itself that the terms of McGuire Woods' proposed clawback provision are appropriate.[47]

The Court finds several portions of McGuire Woods' proposed clawback provision to be problematic, and will make the following revisions to the clawback provision.

First, the second paragraph states that "the parties agree to enter into this 'clawback agreement' . . . ."[48] Because Plaintiff does not agree to the entry of the clawback provision, this language will be deleted.

Second, the proposed clawback provision addresses not only the clawback of privileged and work product materials and information, but also the return of information that a party inadvertently

---

[46] Fed. R. Civ. P. 1.

[47] The Statement of Congressional Intent provides that "whether the [Rule 502(d)] order is entered on motion of one or more parties, or on the court's own motion, the court retains its authority to include the conditions it deems appropriate in the circumstances."

[48] McGuire Woods' Proposed Order Entering Clawback Provision at 1.

15

fails to designate as "Confidential Information" under the Protective Order (doc. 40). The Court will delete those terms that apply to the return of such confidential documents. The Protective Order already entered contains a detailed section, Paragraph 7(b), which addresses the inadvertent failure of a producing party to designate a document or other information as "Confidential Information" and sets forth the procedures a party is to follow to prevent waiver of the "Confidential" designation.[49]

Finally, the Court makes some additional minor modifications to the proposed Clawback Provision for clarity's sake.

## V.     Conclusion

The Court finds that McGuire Woods has met its burden to show that the entry of a protective order containing a clawback provision relating to the inadvertent disclosure of attorney-client privileged communications or work product materials is necessary to prevent oppression and undue burden to McGuire Woods. The Court therefore grants McGuire Woods' motion to the extent McGuire Woods seeks an order for the entry of a clawback provision. The Court, however, finds that the proposed Clawback Provision submitted by McGuire Woods needs several modifications, including limiting its application to information and materials protected by the attorney-client privilege and work product immunity. The Court therefore denies the motion to the extent McGuire Woods asks the Court to enter the specific Clawback Provision it has submitted. Consistent with this Order, the Court has modified the Clawback Provision submitted by McGuire Woods and will enter a separate order setting forth the modified Clawback Provision.

**IT IS THEREFORE ORDERED** that Defendant McGuire Woods LLP's Motion for Entry of Clawback Provision (doc. 76) is granted in part and denied in part, as set forth herein.

---

[49]*See* Protective Order (doc. 40), ¶ 7(b).

**IT IS FURTHER ORDERED** that a separate Order will be entered setting forth a clawback provision that will govern the inadvertent disclosure of information and materials that are attorney-client privileged or protected work product.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 22nd day of July 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U. S. Magistrate Judge

cc:   All counsel and *pro se* parties