# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ERIC C. RAJALA, as Bankruptcy Trustee )
for ETHANEX ENERGY, INC., )
                                                           )
                         **Plaintiff,**          )
                                                           )
v.                                                          )                           No. 08-2638-CM
                                                          )
**McGUIRE WOODS, LLP,**              )
                                                          )
                         **Defendant.**         )
                                                           )

## MEMORANDUM AND ORDER

Plaintiff Eric C. Rajala, as bankruptcy trustee for Ethanex Energy, Inc., (collectively "Ethanex"), originally filed this action against defendants Louis W. Zehil, McGuire Woods LLP, Strong Branch Ventures IV, LLP, and Chestnut Capital Partners II, LLC. By way of an amended complaint, the only defendant remaining in the action is McGuire Woods. On March 2, 2009, McGuire Woods filed Defendant's Motion to Transfer, Stay or Dismiss The Action, (Doc. 8), asking the court to dismiss this case for failure to state a claim upon which relief can be granted relative to claims based on a theory of vicarious liability. The court denied the motion, finding that plaintiff had alleged facts sufficient to state a claim for relief that was plausible on its face. Now before the court is defendant McGuire Woods' Motion to Dismiss for Failure to State A Claim (Doc. 139), moving the court to dismiss Count IV of plaintiff's Third Amended Complaint (Doc. 135), and all of Ethanex's claims to the extent they seek "business expectancy" damages. For the reasons that follow, the court denies defendant's motion.

**I.**     **Factual and Procedural Background**

According to the Third Amended Complaint, Ethanex retained McGuire Woods to assist it in

becoming a public company and raising capital for the development of ethanol manufacturing plants. Louis Zehil, a partner of the McGuire Woods law firm, and one of the attorneys representing Ethanex, created two entities that came to unlawfully possess unrestricted securities of Ethanex, which were then unlawfully sold "at great profit and at great harm to plaintiff." (Doc. 135, at 1.) In asserting these claims against McGuire Woods, plaintiff specifically points to an opinion letter dated August 31, 2006, executed by Zehil on behalf of McGuire Woods, directing the fraudulent transfer of Ethanex stock to Zehil's companies. Plaintiff also alleges that McGuire Woods failed to disclose Zehil's ownership or sales of Ethanex stock in the disclosures it drafted for Ethanex or was obligated to file for Ethanex, including a Form SB-2 filed with the Securities and Exchange Commission ("SEC") on January 3, 2007.[1]

In this Third Amended Complaint, plaintiff alleges that defendant's conduct violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78J(b)] and Rule 10 B-5 [17 C.F.R. § 240.10 B-5] (Count I); and the Kansas Uniform Securities Act [Kan. Stat. Ann. § 17-12a501] (Count II). Plaintiff also asserts common law claims of fraud (Count III), tortious interference with business expectancies (Count IV), legal malpractice (Count V), negligent supervision (Count VI), and breach of fiduciary duties (Count VII). Defendant's motion to dismiss focuses on the business expectancies count, and plaintiff's claims for damages arising from business expectancies.

---

[1] As previously noted, Zehil has pleaded guilty to criminal charges in the Southern District of New York for violations of securities laws arising out of dealings with plaintiff, and a receiver has been appointed for Strong Branch Ventures and Chestnut Capital Partners. *See United States v. Zehil*, No. 07-CR-659 (DAB) (S.D.N.Y. Mar. 15, 2010). The SEC's civil proceedings against Zehil, which were stayed pending resolution of the criminal case, are still ongoing. *See Securities and Exch. Comm. v. Zehil*, No. 07-CV-01439 (LAP) (S.D.N.Y. Aug. 18, 2008). Ethanex has filed a claim with the receivership in the New York case. Plaintiff is currently in bankruptcy proceedings in the District of Kansas, Case No. 08-20645-7.

## II.     Legal Standards and Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).

Defendant seeks dismissal on the basis that plaintiff's "business expectancy" damage allegations are not plausible, and should therefore be dismissed as a matter of law. Specifically, defendant argues that the Third Amended Complaint is "facially insufficient to plead $99 million – or even one dollar – of 'business expectancy damages' under *Twombly* and *Iqbal*, and . . . Ethanex has not and cannot allege facts to render it otherwise." In support of this Rule 12(b)(6) motion, defendant offers a number of exhibits totaling nearly 1,500 pages of documents.[2]

Defendant cites to and relies on statements from these documents to argue that there was "substantial doubt" about Ethanex's "ability to operate as a going concern," and that because the business expectancy allegations are "speculative" and "implausible," they must therefore be dismissed. (Doc. 140, at 10.)

---

[2] These exhibits consist of copies of various documents filed with the SEC: the January 3, 2007 SB-2; a September 6, 2006 8-K and Exhibits thereto (in two parts); an April 2, 2007 10-KSB and four subsequent amendments thereto with attached correspondence; a November 15, 2006 10-KSB and Exhibits thereto; a May 15, 2007 10-QSB; an October 23, 2007 10-QSB; a February 14, 2008 8-K and Exhibits thereto; and a July 27, 2007 10-QSB. (Doc. 140-1, at 2.)

-3-

It is generally unacceptable for the court to look beyond the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002). Of course, the court may consider indisputably authentic copies of documents not attached or incorporated in the complaint, so long as "the document is referred to in the complaint and is central to the plaintiff's claim." *Id*. (quotation omitted).

In this case, plaintiff alleges violations of the Securities Exchange Act and the Kansas Uniform Securities Act (Count II) arising out of defendant's failure to disclose that Mr. Zehil had unlawfully obtained unrestricted shares, and concealed the fraud in preparing a materially incorrect SEC Form SB-2 registration statement that failed to reveal the issuance of unregistered securities or the unlawful resale of the securities. To that extent, the January 3, 2007 SB-2 registration statement is referred to in plaintiff's complaint, and is central to the claims of state and federal securities law violations. This document appears as defendant's Exhibit A. Although plaintiff's reference to it in the complaint is completely unrelated to the purpose for which the defendant offers it, the court might consider it without converting defendant's 12(b)(6) motion to one for summary judgment.

The same cannot be said for the other documents. With respect to the remaining documents, which are not referred to in the complaint and are not central to plaintiff's claims, it is well established that the court's reliance upon material from outside the complaint converts a motion to dismiss into a motion for summary judgment. *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).[3] If the court converts a 12(b)(6) motion into a summary judgment motion, it must provide the parties with notice—actual or constructive—"so that all factual

---

[3] In limited circumstances, the court may consider facts subject to judicial notice in the context of a Rule 12(b)(6) motion without converting the motion to one for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). But such documents may only be considered to show their contents, not to prove the truth of the matters they contain, as defendant seeks here. *Id*.

-4-

allegations may be met with countervailing evidence." *Id.*; *David v. City of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (noting that the required notice may be actual or constructive). The submission of evidentiary materials by the movant may constitute sufficient notice. *Id.* However, whether to convert a motion to dismiss into a motion for summary judgment by accepting the attached documents is entirely within the court's discretion. *Poole v. County of Otero*, 271 F.3d 955, 957 n.2 (10th Cir. 2001); *see JP Morgan Trust Co. Nat'l Ass'n v. Mid-America Pipeline Co.*, 413 F. Supp. 2d 1244, 1256–57 (D. Kan. 2006).

Plaintiff asks this court to deny the motion, or in the alternative to deny it without prejudice to being refiled at the close of discovery as a motion for summary judgment. The court agrees with plaintiff that it would be inappropriate to decide the damages issue in the context of this motion to dismiss and based upon statements contained in Ethanex's SEC filings. Although the court will not permit purely speculative evidence to reach the jury, defendant has not established that lost profits and business expectancies are unrecoverable as a matter of law based on the pleadings. Under Kansas law, plaintiff is not precluded from seeking damages for business expectancies on the facts as alleged. *See Vickers v. Wichita State Univ.*, 518 P.2d 512, 515–17 (Kan. 1974). The $99 million figure that defendant repeatedly refers to in its motion as "implausible" does not appear anywhere on the face of the pleading.[4] Defendant attempts to stretch the *Twombly*/*Iqbal* standard beyond its limits: in this context, "plausibility" cannot be determined from the face of the complaint.

To the extent that this issue may be appropriate for resolution at the summary judgment stage, the court denies the motion without prejudice.[5] If defendant files a motion seeking summary

---

[4] According to defendant's motion, this figure appeared in plaintiff's Rule 26 disclosures. (See Doc. 140, at 4.)

[5] According to the Amended Scheduling Order (Doc. 92), the discovery cut-off in this case
(continued...)

judgment on this issue, the exhibits attached to the present motion may be combined with the other types of documents contemplated to enable a court to consider summary judgment pursuant to Rule 56. "The material made pertinent by Rule 56 includes such things as depositions, answers to interrogatories, admissions on file, affidavits, and the like." *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 457 (10th Cir. 1978); *see Crisp v. Rappe*, No. 98-2266-JWL, 1999 WL 233283, at *3 (D. Kan. Feb. 19, 1999); *accord* Fed. R. Civ. P. 56 (listing "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits").

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss for Failure to State A Claim (Doc. 139) is denied.

Dated this 21st day of December 2010, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**

---

[5] (...continued)
is January 20, 2011, and the dispositive motion deadline is February 17, 2011.