**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ERIC C. RAJALA, as Bankruptcy Trustee for
ETHANEX ENERGY, INC.,**

                                                    Civil Action

                         **Plaintiff,**                    **No. 08-02638-CM-DJW**

**v.**

**MCGUIRE WOODS, LLP,**

                         **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Strike (ECF No. 148), in which Plaintiff asks the Court to strike Paragraphs 112 through 214 from Defendant's Answer to Plaintiff's Third Amended Complaint. For the reasons set forth below, the motion is denied.

**I.**      **Nature of the Matter Before the Court**

Plaintiff Eric C. Rajala, as bankruptcy trustee for Ethanex Energy, Inc. ("Ethanex"), brings this action against the law firm of McGuire Woods, LLP ("McGuire Woods") to recover for violations of the Securities Exchange Act of 1934 and the Kansas Uniform Securities Act. Plaintiff also asserts common law claims of fraud, tortious interference with business expectancies, legal malpractice, negligent supervision, and breach of fiduciary duties.

According to the Third Amended Complaint, Ethanex retained McGuire Woods to represent Ethanex in the process of becoming a public company and raising capital for the development of ethanol manufacturing plants. Plaintiff alleges that an attorney with McGuire Woods, Louis Zehil,

used his position as a partner with McGuire Woods and as an attorney representing Ethanex to perpetrate a fraudulent scheme involving the sale of unrestricted securities of Ethanex.

## II.     The Parties' Arguments

McGuire Woods answered Plaintiff's Third Amended Complaint by specifically addressing each of Plaintiff's Paragraphs 1 through 111, followed by a "Further Answering" section contained in Paragraphs 112 through 214.[1] McGuire Woods purported to set forth those additional paragraphs "in further denial of Plaintiff's claims (and in particular, of Plaintiff's $99 million 'expectancy' damages)."[2]

Plaintiff argues that McGuire Woods's Answer contains "argumentative paragraphs" unrelated to any affirmative defense, counterclaim, or specific allegation set forth in Plaintiff's Complaint, and thus those paragraphs lack a recognized pleading function and are unduly prejudicial to Plaintiff. Plaintiff claims these paragraphs are immaterial and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

Plaintiff further argues that the paragraphs to which he objects will unduly prejudice Plaintiff in the Court's consideration of Defendant's Motion to Dismiss (ECF 139), filed the same day as Defendant's Answer. Plaintiff hypothesizes that Defendant's goal in placing the additional paragraphs in the Answer is "to win a peremptory adjudication of Plaintiff's damages without discovery or consideration by the ultimate fact finder,"[3] and without providing Plaintiff with a recognized means of response.

---

[1]Answer to Third Am. Compl. (ECF No. 141).

[2]*Id*. at 23.

[3]Mem. in Support of Pl.'s Mot. to Strike (ECF No. 149) at 4.

Defendant claims its "Further Answering" section sets forth relevant material to its defenses against Plaintiff's expectancy claims. McGuire Woods argues that its Paragraphs 112-214 establish "background and context for certain McGuireWoods defense theories."[4] Defendant cites as representative Paragraph 112: "At all relevant times, Ethanex publicly admitted that, because of its uninterrupted history of operating losses, it had 'substantial doubt about [its] ability to continue as a going concern."[5] McGuire Woods argues that Paragraph 112 is simple, clear, and representative of that section of the Answer's relevancy to Ethanex's ability to continue as a going concern, which in turn is relevant to Plaintiff's expectancy claim.

Plaintiff's reply claims that the paragraphs in question are duplicative, and that striking them would narrow the issues for discovery and trial, in accordance with the stated purpose of Rule 12(f).[6] Plaintiff further argues in response that Defendant's "Further Answering" section does not provide "background and context," but rather "argumentative statements of disputed facts."[7]

## III.    Applicable Law

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[8] The Court may strike the material on its own or pursuant to a motion made by a party either before responding to the pleading, or if a response to the pleading is not allowed, within twenty-one days of being

---

[4]Def.'s Mem. in Opposition to Pl.'s Mot. to Strike (ECF No. 152) at 2.

[5]Answer to Third Am. Compl (ECF No. 141) ¶ 112.

[6]Pl.'s Reply Mem. in Support of its Mot. to Strike (ECF No. 156) at 3.

[7]*Id.*

[8]Fed. R. Civ. P. 12(f).

served with the pleading.[9]  (Here, Plaintiff's Motion to Strike was filed within twenty-one days of Plaintiff being served with Defendant's Answer, and there is no issue regarding the timeliness of the motion.)

Two standards are implicated in the language of Rule 12(f).  First, a defense is deemed insufficient if it cannot succeed, as a matter of law, under any circumstances.[10]  Second, a matter alleged is considered redundant, immaterial, impertinent, or scandalous if it is "so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and . . . [its] presence in the pleading through the proceeding will be prejudicial to the moving party."[11]

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[12]  Motions to strike, however, are generally disfavored,[13] and are usually not granted absent a showing of

---

[9]*Id.*

[10] *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 648-49 (D. Kan. 2009) (citing *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993); *U.S. ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009); *Wilhelm v. TLC Lawn Care, Inc*., No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

[11]*Youell v. Grimes*, No. 00-2207-JWL, 2001 WL 121955, at *2 (D. Kan. Feb. 8, 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 650 (2d ed. 1990)).

[12]*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[13]*Semsroth v. City of Wichita*, No. 06-2376-KHV-DJW, 2008 WL 45521, at *2 (D. Kan. Jan 2, 2008) (citing *Nwakpuda v. Falley's, Inc*., 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998)).

prejudice to the moving party.[14] Generally speaking, "any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike."[15]

## IV.    Analysis

Because of the disfavor accompanying motions to strike, Plaintiff has a particularly heavy burden of persuasion.  Though the paragraphs in question go "beyond simply admitting or denying the averments of the amended complaint,"[16] the Court finds that Plaintiff has failed to carry his burden of showing that the allegations are unrelated to the controversy and that their presence in the proceedings will cause prejudice to Plaintiff.  The Court is persuaded by McGuire Woods's argument that the allegations in the "Further Answering" section are in fact relevant to the controversy as defense or background material and thus permissible and appropriate under the federal rules.  The Court further finds that the paragraphs are used to elucidate certain defense theories which Plaintiff has not shown to be "insufficient" as a matter of law.

Furthermore, the Court finds that Plaintiff has not met his burden of showing any prejudice which might result from the paragraphs in question.  The Court denied Defendant's Motion to Dismiss on December 21, 2010.  Thus, it appears that the Answer did not unduly prejudice Plaintiff in connection with the Court ruling on that motion.  Furthermore, Plaintiff may use the paragraphs contained in McGuire Woods's Answer to focus the discovery and resolution of this case, thereby narrowing the issues for trial.

----

[14]*Id*. (citing *Sunlight Saunas, Inc. v. Sundance Sauna, Inc*., 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006)).

[15]*Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *2 (N. D. Cal. Sept. 20, 2006) (citation omitted).

[16]*Youell*, 2001 WL 121955 at *2.

Given the general disfavor of motions to strike, the Court declines to strike paragraphs 112 through 214 of Defendant's Answer.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (ECF No. 148) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 11th day of January 2011.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:     All counsel and *pro se* parties