IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERIC C. RAJALA, as Bankruptcy Trustee for ETHANEX ENERGY, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**McGUIRE WOODS, LLP,** )<br>)<br>**Defendant.** )<br>) | Case No. 08-2638-CM |

## MEMORANDUM AND ORDER

This case comes before the court on three unopposed motions for leave to file under seal certain exhibits by defendant McGuire Woods, LLP (Docs. 508, 512, and 521). The court concludes that no response is required of plaintiff. As set forth below, defendant's motions are denied without prejudice.

Defendant asks the court for leave to file under seal certain exhibits to its memorandum in support of its motion to exclude testimony of Mitchell S. Hoffman (Doc. 508), one exhibit to its memorandum in support of its motion to exclude testimony of Praveen Vadlani (Doc. 512), and certain exhibits to its memorandum in support of its motion to exclude testimony of Robert Parrino (Doc. 521). All of defendant's motions cite to section 3.6 of the protective order entered in this case on January 4, 2010 ("Protective Order") (Doc. 40). Section 3.6 of the Protective Order states:

> To the extent a party seeks to file Confidential Information with the Court, it shall file a motion seeking leave to file the particular document under seal pursuant to D. Kan. Rule 5.4.6 and the procedure described in the Standing and Administrative Orders Regarding Procedural Rules for Electronically Filing Documents Under Seal in a Civil Case in the United States District Court for the District of Kansas.

(Doc. 40 at 7.)

Defendant's motions also note that certain documents produced in discovery in this case have been marked as "Confidential" and that the documents defendant seeks to file under seal are marked as such. Although defendant has met the technical requirements of the Protective Order, Local Rule 5.4.6., and Section II.J. of the District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases in filing its motions, this is not enough.

The common-law right of access to judicial records is well-established. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). This right is not absolute, however, and the presumption of access "'can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, at *1 (D. Kan. Dec. 17, 2010) (quoting *Mann*, 477 F.3d at 1149). A motion for leave to seal must "establish that interests which favor non-disclosure outweigh the public interest in access to court documents." *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). To show good cause to seal, "a moving party must submit particular and specific facts, and not merely 'stereotyped and conclusory statements.'" *Id*. (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Here, defendant has not met its burden to show why interests which favor non-disclosure outweigh the public interest in access to court documents. Defendant has not stated what the confidential information is or why it is confidential. Moreover, "[t]he fact that the exhibits are 'confidential' within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record." *New Jersey and its Div. of Inv.*, 2010 WL 5416837, at *2; *Shepard v. Dineequity, Inc.*, No. 08-2416-KHV, 2009 WL 3173723, at *1 (D. Kan. Sept. 30, 2009) ("Regardless of the existence of a protective order, any motion to seal parts of the record must also

establish that the interests of favoring non-disclosure outweigh the public's interest in access to the documents.") (citations omitted).  Although the exhibits defendant seeks leave to file under seal may very well meet these standards, defendant must first provide this information.  All future motions by either party seeking leave to file under seal must also meet these requirements.

For these reasons, defendant's motions for leave to file under seal are denied without prejudice.  The Clerk's Office is directed to leave the motions and the attached exhibits under seal.  Defendant may file motions containing the requisite information described above.  If the court grants the motions, the original motions and attached exhibits will remain under seal.  If the court denies the motions, the motions and exhibits will be unsealed.  If defendant wants the motions to be deemed filed on December 14, 2012, it must file its new motions on or before December 19, 2012.  Otherwise, the motions will be deemed filed on the new date of filing.

**IT IS THEREFORE ORDERED** that defendant's Motions for Leave to File Under Seal (Docs. 508, 512, and 521) are denied without prejudice.

**IT IS FURTHER ORDERED** that if defendant wants the motions to be deemed filed on December 14, 2012, it must file its new motions on or before December 19, 2012.  Otherwise, the motions will be deemed filed on the new date of filing.

Dated this  14th  day of December, 2012, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**