**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ERIC C. RAJALA,
as Bankruptcy Trustee for
ETHANEX ENERGY, INC.,

                      Plaintiff,

v.                                  CIVIL ACTION

                                            No. 08-2638-CM-DJW

MCGUIRE WOODS, LLP,

                      Defendant.

## ORDER DETERMINING PRIVILEGE WAIVER AND CLAWBACK

This matter is before the Court on Defendant McGuireWoods LLP's Motion to determine Privilege Waiver and Deny Clawback of Deposition Exhibit 818 (ECF No. 450). On July 22, 2010, this Court entered a Memorandum (ECF No. 123) and Protective Order Containing Clawback Provision (ECF No. 124), governing the inadvertent disclosure of privileged or otherwise protected documents and information in this case. For the reasons set forth below, the motion is denied.

**I. Factual Background**

The Court finds the following facts, gleaned largely from the affidavit of Plaintiff's attorney Anthony E. LaCroix, relevant to the determination of this motion:

On October 24, 2011, David McKittrick, Ethanex's former Executive Vice President and CFO, designated as both a fact witness and Plaintiff's expert witness, was deposed in his expert witness capacity. During the deposition, Plaintiff learned of the existence of certain computer files related to Ethanex and held by Mr. McKittrick on his personal computer. After the deposition, Plaintiff's counsel, Anthony E. LaCroix, asked Mr. McKittrick to immediately produce the computer files to him.

On November 1, 2011, Plaintiff's counsel received two DVDs from Mr. McKittrick. According to the affidavit of Anthony LaCroix, the contents of one of the DVDs, labeled "McKittrick Ethanex Files" was not immediately accessible, and the DVD appeared to be blank. Mr. LaCroix contacted Mr. McKittrick, who stated that he had inadvertently sent the DVD before "finalizing" it using his DVD burning software. Mr. LaCroix asked Mr. McKittrick to immediately burn the DVD again, finalize it, and send it to him.

Also on November 1, 2011, Counsel for Plaintiff engaged an IT company to recover the files on the non-finalized "McKittrick Ethanex Files" DVD for production to Defendant. The IT company successfully restored files on the DVD to viewable and usable form. Mr. LaCroix avers in his affidavit that after performing an expedited review of both DVDs – but without accessing the single PST file contained on the "McKittrick Ethanex Emails" DVD – he then produced files recovered from the "McKittrick Ethanex Files" DVD and the sole PST file from the "McKittrick Ethanex Emails" DVD to counsel for Defendant.

Mr. LaCroix avers that at the time the DVDs were produced to Defendant on November 1, 2011, counsel for Plaintiff were unaware that privileged communications, including what became Exhibit 818 to the deposition of David McKittrick, and materials protected from disclosure by the work product doctrine, were contained in the production and and that Plaintiff's counsel had no intention of producing such communications or materials to Defendant.

On November 3, 2011, counsel for Plaintiff received from David McKittrick a replacement DVD for the original "McKittrick Ethanix Files" DVD. Files from the replacement DVD were thereafter transferred to a vendor for processing and bates labeling. Due to an internal miscommunication, the PST file from the original "McKittrick Ethanex Emails" DVD was not given to the vendor in November 2011 but was instead transferred for the first time on August 7,

2012. The bates-labeled files from the replacement DVD were produced to Defendant on November 18, 2011.

According to Mr. LaCroix's affidavit, the document marked as Exhibit 818 to the deposition of David McKittrick was inadvertently produced to Defendant on November 1, 2011. Exhibit 818 was not produced again on November 18, 2011 because the PST file in which it was contained was inadvertently not transferred to the vendor for processing and bates labeling along with the remainder of files produced on that date.

On July 17, 2012, counsel for McGuireWoods marked the document as Exhibit 818 during Mr. McKittrick's deposition. At that time, Plaintiff's counsel objected on privilege grounds and requested the Deposition Exhibit 818 be returned, citing the clawback order entered on July 22, 2010. At that time, McGuireWoods counsel returned Exhibit 818 and agreed not to make further use of it until a ruling on whether the clawback provision should apply.

**II. The Parties' Arguments**

McGuireWoods contends that Plaintiff engaged in a "document dump" with no pre-production review with respect to the November 1, 2011 production. Further, McGuireWoods asserts that Plaintiff's counsel knew (or should have known) at least by November 18, 2011 that he had produced the document later designated as Exhibit 818, and that under the Court's Protective Order and Clawback Provision, Plaintiff's failure to take "reasonable steps" to preserve the privilege results in a waiver of any privilege that may have applied to Exhibit 818.[1]

Plaintiff responds that McGuireWoods' argument that Plaintiff did not take "reasonable steps" to prevent disclosure of Exhibit 818 demonstrates that Defendant is seeking to enforce

---

[1] Defendant McGuireWoods apparently does not contest that Exhibit 818 is, on its face, a privileged and confidential attorney-client communication.

3

evidentiary rules which might apply in the *absence* of the Protective Order. Plaintiff asserts that McGuireWoods cannot be allowed to disregard the clawback provision now that such order controls the analysis of issues, particularly given that Plaintiff has relied upon the provision in deciding how to perform document production and ESI productions in a time and cost-effective manner.

**II. The Memorandum and Order and Protective Order Containing Clawback Provision, dated July 22, 2011.**

A review of this Court's Clawback order is required. This Court, in its July 22, 2011 Memorandum and Order granting McGuireWoods' motion for a clawback provision, under the heading *Clawback provisions and Federal Rule of Evidence 502,* stated in relevant part:

> So-called "clawback" provisions "essentially 'undo' a document production" and allow the return of documents that a party belatedly determines are protected by the attorney-client privilege or work product immunity. As the court noted in *Zubulake v. UBS Warburg LLC*, "many parties to document-intensive litigation enter into . . . 'claw-back' agreements *that allow the parties to forego privilege review altogether in favor of an agreement to return inadvertently produced privileged documents.*" Thus, a clawback arrangement involves the return of attorney-client privileged documents or protected work product *without waiver*, *and, typically, the materials are returned irrespective of the care taken by the disclosing party.*
>
> Clawback arrangements are specifically discussed in the 2006 Advisory Committee Note to Federal Rule of Civil Procedure 26(f) *as a way to reduce discovery costs and minimize the risk of privilege waiver.* The Advisory Committee Note observes: "On [some] occasions, parties enter into agreements—sometimes called 'clawback agreements'—that production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced, and that the documents should be returned under these circumstances . . . . In most circumstances, *a party who*

4

*receives information under such an arrangement cannot assert that production of the information waived a claim of privilege . . . ."*

Clawback arrangements are also the subject of Federal Rule of Evidence 502, which was enacted in 2008. The new Rule was enacted in part to address the conflict among courts regarding the effect of inadvertent disclosures of information protected by the attorney-client privilege or work product immunity. The Rule also validates certain clawback provisions or agreements.

Subsection (b) of Rule 502 provides that an inadvertent disclosure of privileged or protected information, when made in a federal proceeding or to a federal office or agency, does not operate as a waiver in a federal or state proceeding if the holder of the privilege or protection took reasonable steps to prevent disclosure and promptly took reasonable steps to rectify the error. Subsections (d) and (e), on the other hand, *pertain to orders and agreements regarding the effect of disclosures.*

Subsection (d), which is entitled "Controlling effect of a court order," provides that "[a] Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other Federal or State proceeding." Subsection (e), which is entitled "Controlling effect of a party agreement," provides that "[a]n agreement on the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."

The Advisory Committee Explanatory Note to Rule 502 makes it clear that subsections (d) and (e) *allow for the enforcement of clawback provisions and agreements.* The Advisory Committee explains that under subsection (d), "*the court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party; the rule contemplates enforcement of 'claw-back' and 'quick peek' arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product.*

. . . . Furthermore, the Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence ("Statement of Congressional Intent") explains that subsection (d) "is designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, *that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege*." In other words,

5

a court may fashion an order, upon a party's motion or its own motion, to limit the effect of waiver when a party inadvertently discloses attorney-client privileged information or work product materials.[2]

Under the section of the Order entitled "*Should the Court enter an order containing a clawback provision?*" this Court noted:

> Indeed, the Court finds that this case *is precisely the type of case that would benefit from a clawback provision. Such a provision will permit the parties to conduct and respond to discovery in an expeditious manner, without the need for time-consuming and costly pre-production privilege reviews, and at the same time preserve the parties' rights to assert the attorney-client privilege or work product immunity*. The Advisory Committee Note indicates that Federal Rule of Evidence 502 "responds to the widespread complaint that litigation costs necessary to protect against waiver of attorney-client privilege or work product have become prohibitive due to the concern that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information." The Advisory Committee observed that "[t]his concern is especially troubling in cases involving electronic discovery."
>
> …
>
> The Court further agrees with the Advisory Committee that "if there [is] a way to produce documents in discovery without risking subject matter waiver, the discovery process could be made much less expensive."[45] *The Court believes that a clawback provision is one way to make discovery less expensive and less burdensome for not just McGuire Woods but for both parties in this case.*
>
> . . .
>
> In sum, the Court holds that entering an order with a clawback provision to govern the inadvertent disclosure of attorney-client privileged information and work product materials would serve the purposes behind Federal Rule of Evidence 502. It is also consistent with the Court's duty under Federal Rule of Civil Procedure 1 to "secure the just, speedy and inexpensive determination of every action."[46] In addition, the court finds that such a provision would protect McGuire Woods *from*

---

[2] Memorandum and Order (ECF No. 123) at pp. 6-10 (emphasis added and citations omitted).

*the oppression and undue burden of an exhaustive pre-production privilege review.* Accordingly, the Court concludes that McGuire Woods has shown good cause for the entry of an order containing a clawback provision *that will be governed by Federal Rule of Evidence 502(d).*[3]

After articulating the rationale in its Memorandum and Order, this Court entered a Protective Order Containing Clawback Provision, which specifically stated as follows:

Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. *The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under the Protective Order (doc. 40) entered in this case on January 4, 2010, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.*[4]

### III. Discussion

As a threshold matter, the Court finds that Exhibit 818 – an undated email from former Ethanex CFO David McKittrick to Kirk R. Presley, an attorney with the Kansas City law firm of Monsees, Miller, Mayer & Amick – is a privileged and confidential attorney-client communication. McGuireWoods does not address this issue, and apparently does not contest it. The Court has satisfied itself from a review of the record and relevant case law that Exhibit 818 does constitute a privileged and confidential attorney-client communication.

---

[3]*Id.* at pp. 13-15 (emphasis added and citations omitted).

[4]Protective Order Containing Clawback Provision (ECF No. 124) at pp. 1-2 (emphasis added).

Next, the Court finds that the disclosure of this communication was inadvertent. Plaintiff's counsel, Anthony LaCroix, has stated via affidavit that after he performed an expedited review of both DVDs, he produced the files to counsel for Defendant, and that at the time the DVDs were produced, Mr. LaCroix was unaware that privileged communications, including what became Exhibit 818, were contained in the production, and that he had no intention of producing such communications to Defendant.

McGuireWoods argues that the Memorandum and Order entered by this Court on July 22, 2010 requires a showing of "reasonable steps" pre-production privilege review before a finding of inadvertence can be made. McGuireWoods' interpretation of this Court's opinion is misplaced. Here, the Court entered its July 22, 2010 order pursuant to Federal Rule of Evidence 502(d), which, as Plaintiff aptly noted, "is designed to allow the parties and the Court to defeat the default operation of Rule 502(b) in order to reduce costs and expedite discovery, i.e., to determine that 'the privilege or protection *is not waived* by disclosure connected with the litigation.' FRE 502(d) (emphasis added)."[5]

Moreover, McGuireWoods has presented no evidence to suggest that Plaintiff's counsel engaged in a "document dump." Specifically, there is no evidence that Plaintiff's counsel, in producing the PST file containing Exhibit 818, intended to overwhelm or burden the receiving party with documents largely irrelevent to the litigation; instead, the emails contained in the PST file appear directly related to David McKittrick's work with Ethanex and thus responsive to McGuireWoods' discovery requests.

In sum, the Court finds that Exhibit 818 is a privileged communication between former Ethanex CFO David McKittrick and attorney Kirk Presley. The terms of the Protective Order, and

---

[5]Plaintiff's Memorandum in Opposition (ECF No. 457) at 6.

not the default provisions of Federal Rule of Evidence 502, govern the handling of inadvertent productions in this case. The order is designed to reduce the time and costs attendant to document-by-document privilege review, and was entered with the express goal of eliminating disputes regarding inadvertent disclosure of privileged documents, which would disrupt the discovery process and cause the attorneys in this case to expend significant resources and time arguing about what steps were taken to prevent disclosure and to rectify the error.

Accordingly, pursuant to the plain language of the Protective Order entered July 22, 2010, the inadvertent production of Deposition Exhibit 818 is not a waiver of Plaintiff's claim to its privileged or protected nature, and does not estop Plaintiff from designating that document as attorney-client privilege.

**IT IS THEREFORE ORDERED** that Defendant McGuireWoods LLP's Motion to determine Privilege Waiver and Deny Clawback of Deposition Exhibit 818 (ECF No. 450) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 3rd day of January, 2013.

s/ David J. Waxse

David J. Waxse
United States Magistrate Judge

cc: All counsel and
John R. Phillips
Husch Blackwell LLP
4801 Main Street
Suite 1000
Kansas City, MO 64112

9